HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA A SHELDON,

        Plaintiff,

   v.

HSBC BANK USA, NATIONAL ASSOCIATION, et al.,

        Defendants.

CASE NO. 15-cv-5908RBL

ORDER GRANTING MOTIONS TO DISMISS

[Dkt. #s 10 and 18]

THIS MATTER is before the court on the Defendant HSBC Bank's Motion to Dismiss [Dkt. #10] and Defendant Northwest Trustee Services Motion to Dismiss [Dkt. #18]. *Pro se* Plaintiff Sheldon sued the trustee (HSBC) and it successor (Defendant Northwest Trustee Services) in December 2015 to prevent a pending foreclosure. She claims that she timely rescinded the loan by serving her original lender with a "Notice of Right to Cancel." She claims that due to her rescission, her note was cancelled and Defendants are not a holders in due course. She asserts claims under the Truth in Lending Act (TILA) the Fair Debt Collection Procedures Act (FDCPA) and seeks to quiet title to the property. The foreclosure has since been completed.

HSBC seeks dismissal of Sheldon's claims against it, arguing that she has not pled (and cannot plausibly plead) that she timely notified her original lender of her intent to rescind, or that

1  she intended to or was capable of returning to that lender the original loan proceeds. It claims she
2  has not pled (and cannot plausibly plead) that her lender violated TILA, giving rise to her
3  conditional three year window to rescind (provided she returns the loan proceeds). And it argues
4  that Sheldon has not pled (and cannot plausibly plead) that it is a "debt collector" for purposes
5  her FDCPA claims against it.
6     Defendant Northwest Trustee Services makes similar arguments, and points out that it is
7  not a lender or creditor subject to TILA liability. See 15 U.S.C. § 1640(a); *see also Morgan*
8  *v. U.S. Bank Nat. Ass'n.*, 2012 WL 6096590, at *6 (N.D. Cal. Dec. 7, 2012) ("The Ninth Circuit
9  has repeatedly found that a trustee is not a creditor as defined by TILA").
10    Sheldon's Response to HSBC simply reiterates her claim that she rescinded the loan,
11 though she continues to avoid articulating when she did so, or upon what TILA violations her
12 rescission is based.  *See* 15 U.S.C. § 1635(a), 12 C.F.R. § 1026.23 and 12 C.F.R § 226.17 (2009).
13 See also *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. at 792 ("[t]his regime grants
14 borrowers an unconditional right to rescind for three days, after which they may rescind only if
15 the lender failed to satisfy the Act's disclosure requirements"). Sheldon's complaint and
16 response cites *Jesinoski*. Nor has she addressed her intention or ability to actually rescind the
17 transaction by returning the loan proceeds. She just claims that the note cannot be enforced and
18 that as a result the foreclosure should not have taken place.
19    Sheldon has not responded to Northwest's Motion, but because she is *pro se*, the Court
20 will consider her Response to HSBC's Motion a response to Northwest's.
21    Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
22 theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*
23 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege
24

facts to state a claim for relief that is plausible on its face.  *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion.  *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Against this standard, Sheldon's claims cannot survive. She has not pled (and cannot plausibly plead) that she effectively rescinded her 2007 loan transaction, and her related claims that the note is not enforceable or that HSBC cannot foreclose on the Note's security are fatally flawed.

Courts in this district have routinely rejected "show-me-the-note" claims.  *See, e.g.*, *Mikhay v. Bank of Am.*, *NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010).  Indeed, the Washington Deed of Trust Act requires that a foreclosing

lender demonstrate its ownership of the underlying note to the trustee, not to the borrower. RCW 61.24.030(7).

Sheldon does not address the Defendants' claim that they are trustees, not creditors under the TILA or debt collectors under the FDCPA But both are undeniably true, and that is fatal to her claims. Finally, Sheldon's quiet title claim is fatally flawed because the foreclosure has taken place, and although she sued in advance of it, she took no other steps to enjoin the allegedly unlawful sale. As Northwest correctly points out:

> It is a longstanding rule that, when a borrower or grantor fails to employ the pre-sale procedures of the Deed of Trust Act ("DTA") to enjoin a trustee's sale, any right to challenge the completed sale and all post-sale claims are waived. *Plein v. Lackey*, 149 Wn.2d 214 (2003), as amended on denial of reconsideration (Jun. 6, 2003); *Brown v. Household Realty Corp.*, 146 Wn. App. 157 (2008); *CHD, Inc. v. Boyles*, 138 Wn. App. 131 (2007); *see also Merry v. NWTS*, 188 Wash.App. 174, 352 P.3d 830, 834 (2015).

[Dkt. # 18 at 6].

The Motions to Dismiss are GRANTED, and this case is DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 31st day of March, 2016.

Ronald B. Leighton
United States District Judge